1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WAYDE HOLLIS HARRIS,                          No.  2:17-cv-0680 KJN P

12              Plaintiff,

13        v.                                       ORDER

14   S. FERNAN, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  On March 30, 2017 plaintiff filed a complaint (ECF No. 1) and a motion for

19   emergency injunctive relief (ECF No. 3.)  For the reasons stated herein, Supervising Deputy

20   Attorney General Monica Anderson is directed to file a response to plaintiff's motion emergency

21   injunctive relief.

22        Plaintiff alleges that in January 2014 he was transferred to California State Prison-Solano

23   ("CSP-Solano") as a "high risk medical transfer."  (ECF No. 3 at 16.)  The "high risk"

24   designation apparently referred to plaintiff's medical problems, rather than custody status.

25   Plaintiff alleges that he suffers from achalasia and a hiatal hernia.  (Id.)  As a result of these

26   conditions, plaintiff has difficulty having even liquid bowel movements, and he suffers pain in the

27   left side of his torso, neck and head.  (Id.)

28   ////

1    After two years of filing grievances, plaintiff was referred to Dr. Chamber, a surgeon.

2    (Id.)  Dr. Chamber told plaintiff that he required thoracic surgery, and referred plaintiff to a

3    thoracic surgeon in January 2016. (Id.)

4    Before plaintiff received the consultation with the thoracic surgeon, plaintiff was

5    transferred to the La Palma Correctional Facility in Arizona in June 2016.  (Id.)  At the time of

6    the transfer, plaintiff's medical status had been lowered to medium risk, making him eligible for

7    out of state transfer to Arizona.  (Id. at 16-17.)

8    After his transfer to Arizona, plaintiff went to the medical department about his achalasia

9    and hiatal hernia.  (Id. at 16.)  Plaintiff was sent to gastroenterologist Dr. Kazi.  (Id.)  Dr. Kazi

10   told plaintiff that he would require tests and a colonoscopy to rule out anything else before going

11   through thoracic surgery.  (Id.)  After plaintiff returned to the La Palma Correctional Facility

12   following his consultation with Dr. Kazi, the prison doctor (Dr. Crane) told plaintiff that plaintiff

13   was going to have to be sent back to California on a high risk medical return.  (Id.)  Dr. Crane

14   told plaintiff that the Arizona prison would continue to do the work up for the surgery because it

15   would take a while for the transfer back to California.  (Id. at 17.)  However, plaintiff would have

16   to wait for the colonoscopy until he returned to California.  (Id.)

17   In October 2016, plaintiff was transferred back to CSP-Solano.  (Id.)  Plaintiff attempted

18   to have his medical issues addressed, but he was transferred to Old Folsom State Prison on

19   November 6, 2016.  (Id.)  At Old Folsom State Prison, plaintiff was told that CSP-Solano had put

20   him back at medium risk, but that he would be sent back to CSP-Solano due to a pre-surgery diet

21   that was not available to Old Folsom State Prison.  (Id.)

22   Plaintiff returned to CSP-Solano on November 29, 2016.[1]  (Id.)  Plaintiff was approved for

23   a gastroenterologist visit in the first week of March 2017.  (Id.)  However, as of March 20, 2017,

24   plaintiff was not yet scheduled to see the gastroenterologist. (Id.)

25   Plaintiff alleges that on March 21, 2017, his counselor informed him that he was being

26   transferred out of state again because he was only medium risk. (Id.)

27

28
_____

[1]   In the motion, plaintiff inadvertently states that he returned to CSP-Solano on November 29, 2017.  (Id.)

2

Plaintiff alleges that medical and custody departments are playing games and transferring him around so that he cannot get his medical issues taken care of.  (Id.)  Plaintiff alleges that "they" have given him "tons of laxatives" but his guts hardly work anymore.  (Id.)  Plaintiff alleges that he does not think his guts will take another trip out of state and back.  (Id.)  Plaintiff also alleges that he believes prison officials are retaliating against him for filing administrative grievances by giving him "bus therapy."  (Id. at 18.)

Plaintiff requests that the court intervene and order prison officials not to transfer him so that his medical issues can be take care of.  (Id.)

The undersigned is concerned by plaintiff's claims that his serious medical problems are not being addressed due to repeated transfers.  For this reason, Supervising Deputy Attorney General Monica Anderson is directed to file a status report within seven days addressing:  1) the status of plaintiff's potential transfer away from CSP-Solano; 2) the status of plaintiff's receipt of the consultation with the gastroenterologist, including whether and when plaintiff will receive surgery; 3) if plaintiff is to be transferred away from CSP-Solano, whether plaintiff can receive surgery and proper medical care for his hernia and achalasia at the prison where he is to be transferred; and 4) plaintiff's claims of the repeated change in his classification from "medium risk" to "high risk."

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to serve this order and plaintiff's March 30, 2017 motion for injunctive relief (ECF No. 3) on Supervising Deputy Attorney General Monica Anderson;

2. Supervising Deputy Attorney General Monica Anderson shall file the status report discussed above within seven days of the date of this order.

Dated:  April 5, 2017

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Harr680.ord

3