UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYDE HOLLIS HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>S. KERNAN, et al.,<br><br>        Defendants. | No. 2:17-cv-0680 GEB KJN P<br><br>ORDER |

      Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. However, plaintiff filed his requests on a form used in petitions filed under 28 U.S.C. § 2254. Standards governing appointment of counsel under § 2254 differs from those used in § 1983 cases.

      In § 1983 cases, district courts lack authority to require counsel to represent indigent prisoners. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

1

abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Moreover, although plaintiff claims he is mentally impaired, plaintiff has been able to comply with court orders, and to raise cognizable claims supported by appropriate medical records sufficient to state cognizable civil rights claims against Dr. Kuersten. Finally, at this stage of the proceedings, the court is unable to determine whether plaintiff is likely to succeed on the merits of such claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for the appointment of counsel (ECF No. 23 and 25) are denied without prejudice.

Dated: January 10, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/harr0680.31