UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYDE HOLLIS HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>S. KERNAN, et al.,<br><br>    Defendants. | No. 2:17-cv-0680 TLN KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. This action proceeds on plaintiff's Eighth Amendment medical claims against defendant Dr. Kuersten.[1]

I. Plaintiff's Motion to Compel

Plaintiff's motion to compel further responses to his request for production of documents is before the court. As set forth below, plaintiff's motion is partially granted.

---

[1] The undersigned found that plaintiff may be able to demonstrate that Dr. Kuersten was deliberately indifferent to plaintiff's serious medical needs by allegedly interfering with numerous recommendations of specialists concerning the diagnosis and treatment of plaintiff's chronic GI symptoms, suffered over more than four years, which remain undiagnosed, by denying plaintiff's primary care physicians' requests based on recommendations by medical specialists, as well as by suggesting physical therapy for plaintiff's tendon of his right thumb where the orthopedic specialist stated that "further nonoperative treatment would not be effective." (ECF No. 20 at 110.) See, e.g., Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (en banc) ("A prisoner need not prove that he was completely denied medical care. . . . Rather, he can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment.") (citations omitted). (ECF No. 22 at 10-11.)

A. <u>Applicable Legal Standards</u>

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Such "motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" <u>Hunt v. Cnty. of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. <u>McCoy v. Ramirez</u>, 2016 WL 3196738 at *1 (E.D. Cal. 2016); <u>Ellis v. Cambra</u>, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified."). The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things and entry upon designated land or other property." <u>Clark v. Vega Wholesale Inc.</u>, 181 F.R.D. 470, 472-73 (D. Nev. 1998), citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." <u>U.S. ex rel. O'Connell v. Chapman University</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).

Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Id. "Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998) (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991) ). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Evans v. Tilton, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010). Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the court to determine whether the party made a reasonable

inquiry and exercised due diligence, <u>Uribe v. McKesson</u>, 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. <u>Ochotorena v. Adams</u>, 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). Boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); <u>Burlington N. & Santa Fe Ry. Co.</u>, 408 F.3d at 1149. The party seeking production of the documents . . . bears the burden of proving that the opposing party has such control. <u>United States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO</u>, 870 F.2d 1450, 1452 (9th Cir. 1989) (citations omitted).

B. <u>Request for Production of Documents</u>

> REQUEST NO. 2: All documents that show the names and chains of employment and job title from medical tech up through CME Dr. Kuersten's supervisor. . . .[2]
>
> RESPONSE TO REQUEST NO. 2: Responding party objects to this request on the grounds it is vague as to time, overly broad and overly burdensome, and seeks information that is not relevant to plaintiff's claims nor proportional to the needs of this case as the sole defendant in this case is Dr. Kuersten. Without waiving said objections, there are no documents responsive to this request.

(ECF No. 59 at 27.)

Despite objections, defendant responded that there are no documents responsive to this request. Defendant cannot be compelled to produce a document that does not exist, or to create a document to respond to a request for production of documents. Plaintiff's motion is denied as to request no. 2.[3]

---

[2] In his requests for production of documents, plaintiff ended each request with the following: "Produce the document." or "Produce the documents." Because such sentences are redundant, the undersigned replaces them with an ellipsis throughout this order.

[3] Throughout his motion, in response to defendant's claim that a request was "vague as to time," plaintiff claims he "now clarifies" that the time was "from January 30, 2014, to the present." (<u>See</u>, <u>e.g.</u>, ECF No. 59 at 1, 2.) Plaintiff is advised that he cannot amend his discovery request within a motion to compel. Rather, plaintiff is required to appropriately tailor his discovery requests to the claims raised in his pleading and seek documents only from relevant time periods.

4

> REQUEST NO. 3: All documents that name titles, and duties of all medical staff at CSP-Solano. . . .
>
> RESPONSE TO REQUEST NO. 3: Responding party objects to this request on the grounds it is vague as to time, overly broad and overly burdensome, and seeks information that is not relevant to Plaintiff's claims nor proportional to the needs of this case as the sole defendant in this case is Dr. Kuersten. Based on these objections, no documents are being produced in response to this request.

(ECF No. 59 at 27.)

Defendant's objections are well taken. Plaintiff did not narrow his request as to time, or as to medical staff who treated plaintiff for specific medical problems at issue in this action, or as to plaintiff's claims that are at issue herein. Rather, plaintiff sought documents of "all" medical staff at CSP-Solano, which would include medical staff who did not treat plaintiff, and therefore are not relevant. Although plaintiff claims he cannot obtain this information any other way, he is entitled to review his own medical records which would include the names of treating medical staff. No further production is required.

> REQUEST NO. 4: All documents with names, titles, and duties of all staff members who have responsibility for responding to, investigating or deciding inmate medical grievances, if these duties are set forth in any job description, Policy directive, or other document. . . .
>
> RESPONSE TO REQUEST NO. 4: Responding party objects to this request on the grounds it is vague as to time. Without waiving this objection, there are no documents responsive to this request and responding party is not required to create a document in response to a request for production of documents.

(ECF No. 59 at 27.)

Despite objections, defendant responded that there are no documents responsive to this request. Defendant cannot be compelled to produce a document that does not exist, or to create a document to respond to a request for production of documents. Plaintiff's motion is denied.

> REQUEST NO. 5: All documents involving medical complaints to medical board on Dr. Martin Kuersten. . . .
>
> RESPONSE TO REQUEST NO. 5: A copy of the medical board licensing details for Dr. Martin Kuersten is produced as Attachment 2. Should Plaintiff seek additional information, requests for documents can be submitted to: Medical Board of California, Attention: Central File Room, 2005 Evergreen Street, Suite 1200, Sacramento, CA 95815.

(ECF No. 59 at 27-28.)

Defendant did not address request no. 5 in the opposition. (ECF No. 64 at 9.) Plaintiff seeks all documents involving medical complaints on defendant that were filed with the California Medical Board, including ones that don't meet the criteria for posting. Plaintiff objects that a portion of the document produced by defendant states that the survey information has not been verified by the board and argues that defendant is attempting to send plaintiff on an "unfruitful fishing trip." (ECF No. 59 at 3.)

The document produced by defendant reflects that there have been no public record actions taken against defendant, and that there are no public documents. (ECF No. 59 at 39.) Moreover, the Medical Board's website reflects that under California law, complaints made to the Medical Board are confidential, not public, and would not appear on a record.[4] This is because such complaints are simply allegations; only if a complaint results in discipline does the action become public. Id.

Although defendant failed to address this request, the undersigned finds that defendant's response was sufficient. The document provided by defendant demonstrates that no public record actions have been taken against defendant. To the extent plaintiff sought "all" complaints to the Medical Board against defendant, such request is overbroad and not in proportion to the needs of this case. No further production is required.

> REQUEST NOS. 6 & 7: All documents of medical complaints to medical board on Dr. Chen and Dr. Martin Kohler. . . .
>
> RESPONSE TO REQUEST NOS. 6 & 7: Responding party objects to this request on the grounds it is not relevant to Plaintiff's claims nor proportional to the needs of this case as the sole defendant in this case is Dr. Kuersten. In addition, after a thorough and diligent search, responding party has no responsive documents in his possession, custody, or control.

(ECF No. 59 at 28.)

Defendant cannot be compelled to produce documents that are not in his possession or control. Plaintiff now claims that he mistakenly wrote Dr. Martin Kohler instead of Dr. Lori

---

[4] The Medical Board of California website is CA.GOV, Medical Board of California http://www.mbc.ca.gov/Breeze/Lookup_Disclosure.aspx (accessed July 24, 2019).

Kohler. As noted in the court's first footnote above, plaintiff may not revise discovery requests in his motion to compel. But in any event, it is also unlikely that defendant Dr. Kuersten would have possession or control of complaints lodged against Dr. Lori Kohler with the California Medical Board. Plaintiff's motion to compel further responses is denied.

> REQUEST NOS. 8 & 9: All documents in regards to communications between medical staff and custody staff regarding [plaintiff], including E-mails, and all medical documents and records of [plaintiff] from 11-1-2008 to Present. . . .
>
> RESPONSE TO REQUEST NO. 8: Responding party objects to this request on the grounds that it is vague as to time and institution, what type of communication, is overly burdensome, and is not relevant to Plaintiff's claims nor proportional to the needs of this case as the sole defendant in this case is Dr. Kuersten. Without waiving these objections, and in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPPA), custody staff do not have access to prisoners' medical information, thus there are no documents responsive to this request.
>
> RESPONSE TO REQUEST NO. 9: Responding party objects to this request on the grounds it is overly broad, overly burdensome, and seeks information that is equally available to Plaintiff. Without waiving said objections, documents responsive to this request are available for inspection and copying in accordance with the institution's policies and procedures. Plaintiff should contact his correctional counselor to make arrangements to view and copy his medical file.

(ECF No. 59 at 28-29.)

As to Request No. 9, defendant's objections are sustained. Plaintiff seeks all of his medical records from November 1, 2008, to the present, which would likely contain medical records not relevant to plaintiff's instant claims against defendant Dr. Kuersten. Moreover, it appears that Dr. Kuersten was not involved in reviewing medical orders for plaintiff until 2014. (ECF No. 20 at 84.) Thus, the request, as written, is overbroad and overly burdensome. The record also reflects that plaintiff has copies of many of his medical records. (ECF No. 13 at 13-16; ECF No. 20 at 40-94, 96-102; 106; 112-28.) These include records involving Dr. Kuersten. (See, e.g., ECF No. 20 at 84, 96, 112, 114, 120, 121.) Indeed, in the December 20, 2017 findings and recommendations, the undersigned reviewed many of plaintiff's medical records in screening the amended complaint. (ECF No. 22 at 1-9.)

////

That said, despite defendant's claim that plaintiff has equal access to his own medical records, plaintiff complains that he is "only allowed what medical records will print out," and claims that prison staff at CSP-Solano will not allow inmates to view their medical files. (ECF No. 59 at 5.) In support, plaintiff points to an appeal response that states:

> There are no state or federal laws which require the use of a computer for a patient to review his/her health record, nor is it necessary for a patient to use a computer to review a health record; current health record documents can be printed for your review. On April 11, 2019, [plaintiff] had an Olsen Review and [plaintiff] placed an order for copies of [his] medical records from 2017.

(ECF No. 59 at 46.) In addition, such appeal confirms plaintiff's difficulties in obtaining "RFS" and orders pertaining to plaintiff's GI specialty appointment on 12-12-16, that was then canceled or deleted on December 13, 2016, including a page that plaintiff signed indicating he wanted to keep such appointment, witnessed by Correctional Officer Stiltner and RN Rouso. (Id. at 45, 57, 58.)[5] In one appeal, plaintiff stated that the RFS was likely submitted in the month of November 2016 by doctors at Old Folsom. (Id. at 57.) In the appeal response, it was noted that there is an RFS for a referral to gastroenterology, but it "was denied due to not being a medical necessity," and that because CSP-Solano recently went "live" with electronic medical records at that time, RN Rouso could have been mistaken when he saw the "approved RFS." (ECF No. 59 at 62.) But plaintiff was not provided a copy of such record through the appeal. (Id.) On August 30, 2018, plaintiff wrote that he went to medical records on July 31, 2018, in an attempt to obtain such GI specialty appointment papers, but they were "erased and none existed on December 13, 2018." (ECF No. 59 at 57.)

Therefore, although it appears plaintiff was provided copies of his medical records from 2017, the record reflects that plaintiff made good faith efforts to obtain other pertinent medical records without success. Defendant shall provide plaintiff with a copy of any RFS or orders pertaining to plaintiff's GI specialty appointment from November 1, 2016, through December 31,

---

[5] Throughout plaintiff's motion and administrative appeals, Stiltzner is referred to as Stilzer, Stiltzer, Stilzner, and Stiltner, but in his motion to compel a response to Request No. 25, plaintiff clarified that this correctional officer's name is spelled Stiltner. (ECF No. 59 at 15.)

8

2016. If counsel for defendant does not have such medical records in her current physical possession, defendant shall make a good faith effort to locate such records from plaintiff's electronic medical file as well as any hard copy physical file at both CSP-Solano and Old Folsom State Prison. If defendant is unable to locate such documents, defendant shall file a declaration setting forth the efforts to locate such documents.

While the court understands that there are security concerns with having inmates access computers to view their medical records, plaintiff is entitled to access his medical records in order to personally determine whether a particular record is relevant to his legal claims. Thus, counsel for defendant is ordered to work with the litigation coordinator to facilitate plaintiff's ability to review his medical records and obtain copies of the medical records he needs to support his claims against defendant. In the alternative, counsel may opt to provide plaintiff with a copy of plaintiff's medical records from 2014 to 2017.

Defendant's objections in response to Request No. 8 are well taken. Request No. 8 was not limited as to time, institution, or type of communication (i.e. related to a particular medical ailment, treatment, or issue). In addition, the court cannot order a party to produce that which does not exist. That said, in the opposition to plaintiff's motion, defendant states that if plaintiff sought information about medical transfers, such information is contained in plaintiff's medical file, arguing that plaintiff has access to such file. However, due to the difficulties plaintiff identified in response to Request No. 9, defendant is ordered to provide plaintiff with a copy of documents addressing plaintiff's medical transfers from 2014 through 2017 inasmuch as such documents are relevant to plaintiff's claims against defendant.

> REQUEST NO. 11: All rules and regulations and policies in regards to inmate transfers. . . .
>
> RESPONSE TO REQUEST NO. 11: Responding party objects to this request on the grounds it is overly broad as it asks for "all" information regarding inmate transfers. Without waiving said objection, and assuming Plaintiff is seeking information concerning medical transfers, documents responsive to this request are being produced as Attachment 4.

(ECF No. 59 at 29.)

////

9

Plaintiff objects that defendant altered the request by "assuming plaintiff is seeking information concerning medical transfers." (ECF No. 59 at 6.) Plaintiff contends his request is not broad because plaintiff was transferred due to "institutional needs" as well as "medical risk," involving several different transfers. In opposition, defendant argues that he is a medical doctor, not custody staff, and has no input in determining whether an inmate is transferred for "institutional needs," and in any event, defendant is being sued based on his alleged failure to provide adequate medical care. (ECF No. 64 at 12.)

Defendant provided plaintiff with the health care services transfer procedures. Plaintiff fails to demonstrate how his transfers, no matter the type, are relevant to his claims against defendant. Defendant's objections are sustained, and no further production is required.

> REQUEST NO. 12: All documents relating to Prison Medical Center staff training and education. . . .
>
> RESPONSE TO REQUEST NO. 12: Responding party objects to this request on the grounds that it is vague as to time, subject matter, type of training, to which medical staff Plaintiff is referring, and seeks information that is not relevant to Plaintiff's claims nor proportional to the needs of this case as the sole defendant in this case is Dr. Kuersten, and he works at California State Prison – Solano, not the Prison Medical Center. Based on these objections, no documents will be produced in response to this request.

(ECF No. 59 at 29-30.) Defendant did not address plaintiff's motion in defendant's opposition. (ECF No. 64 at 12.)

Plaintiff "now clarifies" the time for his request, the subject matter, and type of training. (ECF No. 59 at 7.) However, as addressed in footnote 1 above, plaintiff may not modify the nature of his discovery request within his motion to compel. Plaintiff's request is vague as to time, subject matter, type of training, and to which medical staff plaintiff referred, and plaintiff fails to demonstrate the relevance of such request to his claims against Dr. Kuersten. No further production is required.

> REQUEST NO. 13: All documents used by the M.A.R. committee in deciding inmate health care, if the procedures are set forth in any directive, manual or other document.
>
> RESPONSE TO REQUEST NO. 13: Responding party is not in possession, custody, or control of documents responsive to this request, however, has requested such documents from the

10

> Correctional Health Care Services office. If responsive documents
> are received, they will be produced to Plaintiff.

(ECF No. 59 at 30.) Defendant did not address plaintiff's motion in defendant's opposition. (ECF No. 64 at 12.)

Plaintiff states that he has not yet received the requested documents. However, plaintiff fails to show that defendant has received any documents from the Correctional Health Care Services office. Defendant affirmatively responded that if such documents are received, they will be produced to plaintiff. However, in light of defendant's failure to respond to plaintiff's motion, defendant is directed to advise whether or not any documents have, to date, yet been received and, if so, what date they were produced to plaintiff.

> REQUEST NO. 14: All documents, rules and procedures describing the functions of the daily medical "Huddle." (sp?)
>
> RESPONSE TO REQUEST NO. 14: There are no documents responsive to this request.

(ECF No. 59 at 30.)

Despite plaintiff's unsubstantiated claim that that the "huddle" is a daily occurrence and that there should be such documents (ECF No. 59 at 7), defendant cannot be compelled to produce a document that does not exist. Plaintiff's motion is denied.

> REQUEST NO. 15: All documents in [plaintiff's] medical file that have been modified. . . .
>
> RESPONSE TO REQUEST NO. 15: Responding party objects to this request on the grounds it is vague as to time, and the term "modified," lacks foundation, and assumes facts not in evidence. Without waiving these objections, responding party is unaware of any documents in Plaintiff's medical file that have been "modified," however, documents responsive to this request, if they exist, would be contained in Plaintiff's medical records which are available to inspection and copying in accordance with the institution's policies and procedures. Plaintiff should contact his correctional counselor to make arrangements to view and copy his medical file.

(ECF No. 59 at 13.)

Despite his initial failure to identify a time frame, plaintiff states that he seeks all medical documents that have been "modified" in the medical computer record from October 2016 to the present. He claims that "modified" is a section of the Cerner Medical Computer System, and that

11

correctional counselors have nothing to do with medical records. In any event, plaintiff states that the medical records department at CSP-Solano will not provide such documents to plaintiff. In response, defendant reiterates he is unaware of any medical documents that have been modified, but that if plaintiff provides the dates and subject matter of the alleged modified documents, defendant would review the record and provide any responsive document that exists. Defendant's counsel is directed to work with the litigation coordinator at CSP-Solano to arrange plaintiff's meaningful access to his medical file, along with an ability to obtain copies of pertinent documents.

> REQUEST NO. 16: All documents in [plaintiff's] mental health file.
>
> RESPONSE TO REQUEST NO. 16: Responding party objects to this request on the grounds it is vague as to time, overly broad, overly burdensome, and seeks information that is equally available to Plaintiff. Without waiving said objections, documents responsive to this request are available for inspection and copying in accordance with the institution's policies and procedures. Plaintiff should contact his correctional counselor to make arrangements to view and copy his mental health file.

(ECF No. 59 at 13.)

Despite his initial failure to limit his request as to time, plaintiff now requests mental health records from March 2017 to the present, and reiterates his difficulties in accessing his medical file, in which mental health records are also held. Defendant's counsel is directed to work with the litigation coordinator to provide plaintiff with meaningful access to plaintiff's medical records, along with a contemporaneous ability to obtain copies.

> REQUEST NO. 17: All documents in [plaintiff's] mental health file that have been modified.
>
> RESPONSE TO REQUEST NO. 17: Responding party objects to this request on the grounds that it is vague as to time, and the term "modified" is overly broad, overly burdensome, lacks foundation, assumes facts not in evidence, and the documents requested are equally available to Plaintiff. Without waiving these objections, responding party is unaware of any documents in mental health section of Plaintiff's medical file that have been "modified," however, documents responsive to this request, if they exist, would be contained in Plaintiff's medical records which are available for inspection and copying in accordance with the institution's policies and procedures. Plaintiff should contact his correctional counselor

12

to make arrangements to view and copy his medical file.

(ECF No. 59 at 31.)

Plaintiff reiterates his difficulties accessing his mental health records, and claims he needs such modified mental health records from March 2017 to the present. Defendant offers to provide responsive documents if plaintiff provides the dates and subject matter of the alleged modified documents. Defendant's counsel is directed to work with the litigation coordinator at CSP-Solano to provide plaintiff with meaningful access to plaintiff's medical records, along with a contemporaneous ability to obtain copies.

> REQUEST NO. 18: All documents and Orders in [plaintiff's] medical file that have been canceled, voided, deleted, or erased.
>
> RESPONSE TO REQUEST NO. 18: Responding party objects to this request on the grounds it is vague as to time, the subject matter of said records, is overly broad, overly burdensome, assumes facts not in evidence, and requests documents that are equally available to Plaintiff. Without waiving these objections, responding party is unaware of any documents in plaintiff's medical file that have been "deleted or erased" and any such documents would no longer exist. Without waiving these objections, documents responsive to this request, if they exist, would be contained in Plaintiff's medical records, which are available for inspection and copying in accordance with the institution's policies and procedures. Plaintiff should contact his correctional counselor to make arrangements to view and copy his medical file.

(ECF No. 59 at 31-32.)

Initially, the court notes that defendant's objections are well-taken in that plaintiff failed to tailor his request as to time or subject matter, and that defendant cannot produce a medical record that has been erased or deleted. In his motion, plaintiff clarifies he seeks such documents from October 2016 to the present, and has requested these records in the past but the medical records department at CSP-Solano refused to produce them, and will not print deleted-canceled-voided-erased-modified records for inmates. (ECF No. 59 at 8.) Defendant states that if cancellations for appointments exist, such documents would be contained in plaintiff's medical file, which is available to plaintiff for inspection and copying. Plaintiff will be provided access to his medical records as set forth above.

////

Further, plaintiff suggests that the medical records supervisor, Mr. Weeks, may need the Information Technology department to assist him in retrieving the record, ostensibly to search for deleted or erased medical records. However, in his request to compel further response to Request No. 18, plaintiff cites no basis for his belief that a particular medical record has been deleted or erased.[6] Thus, defendant is not required to produce records that have been erased or deleted.

> REQUEST NO. 19: All documents – SPECIFICALLY "ORDERS" that were Canceled-voided-Deleted-or erased on 12-12-16 or 12-13-16.
>
> RESPONSE TO REQUEST NO. 19: Essentially the same as response to Request No. 18.

(ECF No. 59 at 32.)

Defendant's objections that this request is vague as to time or overbroad are overruled inasmuch as plaintiff provided a specific date. However, it appears that this request is intertwined with plaintiff's Request No. 9. As ordered above, defendant shall provide plaintiff with a copy of any RFS or orders pertaining to plaintiff's GI specialty appointment from November 1, 2016, through December 31, 2016, including any orders that were cancelled or voided.

> REQUEST NO. 20: All documents and manuals and procedures describing the functions and instructions of the CERNER medical computer system at CSP-Solano.
>
> RESPONSE TO REQUEST NO. 20: Responding party objects to this request on the grounds it lacks foundation, presumes as true facts that have not been established as true, and seeks information that is deemed privileged based on the safety and security of the institution. Without waiving these objections, responding party is not in possession, custody, or control of the information requested, and he cannot obtain the information upon request. However, responding party is providing an overview of the Cerner EMR Software obtained from the company's website. Documents responsive to this request are provided as Attachment 5.

(ECF No. 59 at 32-33.)

---

[6] In other requests, it appears plaintiff believes that certain documents related to his GI specialty appointment dated around December 12, 2016, may have been deleted. But he also claims that Mr. Weeks told plaintiff that the records do exist, but that plaintiff would have to go through the proper channels to get them (ECF No. 59 at 12). Thus, to date, it is unclear such records were deleted.

14

1 | Defendant's objections are sustained. No further production is required.

> REQUEST NO. 21: All documents and communications between medical Staff at CSP-Solano and radiologist Michael R. Rigdon, M.D., in regards to [plaintiff's] barium enema that was done on July 3, 2017.
>
> RESPONSE TO REQUEST NO. 21: Documents responsive to this request, if they exist, are maintained in Plaintiff's medical file, which is available to inspection and copying in accordance with the institution's procedures. Plaintiff should contact his correctional counselor to make arrangements to view his medical records.

(ECF No. 59 at 33.)

Plaintiff counters that not all documents and communications are in his medical file because emails and phone calls between medical staff at CSP-Solano and Dr. Rigdon would not be in plaintiff's medical file. Arguably, documents scheduling plaintiff's appointment with Dr. Rigdon as well as reports from appointments with Dr. Rigdon would be located in plaintiff's medical file, and the court is ordering plaintiff to have access to review his file. Plaintiff has failed to demonstrate what relevance any such emails or phone calls between medical staff at CSP-Solano and Dr. Rigdon would have in connection with plaintiff's claims against defendant Dr. Kuersten. Thus, at this time, no further production of documents in connection with Request No. 21 is ordered.

> REQUEST NO. 22: All documents and complete names of techs that administered barium enema at San Joaquin General Hospital on July 3, 2017. . . .
>
> RESPONSE TO REQUEST NO. 22: Responding party objects to this request on the grounds it is immaterial to the matters at issue, and seeks information that is not relevant to Plaintiff's claims nor proportional to the needs of this case as the sole defendant in this case is Dr. Kuersten. Without waiving these objections, responding party is not in possession, custody, or control of the information requested, and he cannot obtain the information upon request.

(ECF No. 59 at 33.)

Plaintiff argues that this request is material, relevant and proportional because the names of both Dr. Kuersten and Dr. Rigdon appear on the medical records at issue. (ECF No. 59 at 13, citing ECF No. 20 at 124, 125.) Plaintiff contends that on July 3, 2017, medical staff on duty at San Joaquin General Hospital, who performed the barium enema, "stated and identified blockage

to plaintiff as well as correctional officers that were present," and told plaintiff it would be on the report, but it was not. (ECF No. 59 at 13.) Plaintiff also claims that the staff who performed the barium enema were completely different staff and from a different department of the hospital which also differ from names that appear on the reports of the July 3, 2017 barium enema and esophagram. Defendant counters that any documents responsive to this request would be in plaintiff's medical file, which is available to plaintiff.

Plaintiff is advised that Dr. Kuersten's name is on Dr. Rigdon's reports because Dr. Kuersten was the "referring provider." (ECF No. 20 at 124-25.) Such information, standing alone, does not demonstrate relevance to plaintiff's claims against Dr. Kuersten. Moreover, plaintiff has failed to show that defendant, a doctor at CSP-Solano, has custody or control of records from a barium enema performed at the San Joaquin General Hospital. Defendant's objections are sustained and no further production is required.

> REQUEST NO. 23: All documents and transportation orders for medical appointments and correctional transport officers' names who transported [plaintiff] to medical specialty appointments as well as transportation orders that were cancelled in 2016 and 2017. . . .
>
> RESPONSE TO REQUEST NO. 23: Responding party objects to this request on the grounds it is immaterial to the matters at issue, and seeks information that is not relevant to Plaintiff's claims nor proportional to the needs of this case as the sole defendant in this case is Dr. Kuersten. Based upon these objections, no documents to this request will be produced.

(ECF No. 59 at 33-34.)

Defendant's objections are sustained. No further production is required.

> REQUEST NO. 24: All documents and complete list of chain of command from Associate Warden Womble all the way down to lowest person under A.W. Womble. . . .
>
> RESPONSE TO REQUEST NO. 24: Responding party objects to this request on the grounds it is immaterial to the matters at issue, and seeks information that is not relevant to Plaintiff's claims nor proportional to the needs of this case as the sole defendant in this case is Dr. Kuersten. Based upon these objections, no documents to this request will be produced.

(ECF No. 59 at 34.)

Defendant's objections are sustained. No further production is required.

> REQUEST NO. 25: All documents and logs of C/O Stilzner A-yard medical officer on 12-12-16 and 12-13-16. . . .
>
> RESPONSE TO REQUEST NO. 25: Responding party objects to this request on the grounds it is unintelligible as Plaintiff indicates that Stilzner is both a correctional officer and a medical officer, and is not relevant to Plaintiff's claims nor proportional to the needs of this case as the sole defendant in this case is Dr. Kuersten. Based upon these objections, no documents to this request will be produced.

(ECF No. 59 at 34.)

Defendant did not address Request No. 25 in his opposition. (ECF No. 64 at 18.)

In his motion, plaintiff now claims that Stilzner's name is "Stiltner," (ECF No. 59 at 15) and clarifies that Stiltner is a witness to the existence of certain documents related to the GI appointment documents at issue in Request No. 9. However, just because this correctional officer allegedly witnessed plaintiff's exchange with RN Rouso or signed a particular medical record as a witness does not demonstrate that he would have "documents or logs" pertaining to such acts or other documents relevant to plaintiff's Eighth Amendment medical claims at issue herein. Defendant's objections are sustained and no further production is required.

> REQUEST NO. 26: All documents and lists with names of persons who prepare and produce lists for [plaintiff] to be transferred to COCF in 2016 and 2017. . . .
>
> RESPONSE TO REQUEST NO. 26: Responding party objects to this request on the grounds it is not relevant to Plaintiff's claims nor proportional to the needs of this case as the sole defendant in this matter is Dr. Kuersten. Based on these objections, no documents to this request will be produced.

(ECF No. 59 at 34-35.)

Defendant's objections are sustained. No further production is required.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel further production of documents (ECF No. 59) is granted in part, as follows:

1. Within thirty days, in response to Request No. 8, defendant shall provide plaintiff with a copy of documents addressing plaintiff's medical transfers from 2014 through 2017, and provide a declaration to the court attesting to such production.

2. Within thirty days, in response to Request Nos. 9 and 19, defendant shall provide

plaintiff with a copy of any RFS or orders pertaining to plaintiff's GI specialty appointment from November 1, 2016, through December 31, 2016, including any orders that were cancelled, modified or voided, and file a declaration attesting to such production. If counsel for defendant does not have such medical records in her current physical possession, counsel for defendant shall make a good faith effort to locate such records from plaintiff's electronic medical file as well as any hard copy physical file at both CSP-Solano and Old Folsom State Prison. If counsel for defendant is unable to locate such documents, she shall file a declaration setting forth her efforts to locate such documents.

3. Within thirty days, in response to Request No. 13, defendant is directed to file a declaration advising whether or not any documents have, to date, been received and, if so, what date they were produced to plaintiff.

4. Further, counsel for defendant shall work with the litigation coordinator and medical records supervisor, Mr. Weeks, at CSP-Solano, to provide plaintiff with meaningful access to his medical file, both on the computer and in hard copy format, along with a contemporaneous ability to obtain copies of pertinent documents, including those marked cancelled, voided, or modified, particularly in response to Request Nos. 9, 15, 16, 17, and 18. Meaningful access includes an ability to review the medical records and determine which record he needs to copy, as well as sufficient time to review and copy such records.

5. In all other respects, plaintiff's motion is denied.

Dated: August 1, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/harr0680.mtc1