UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYDE HOLLIS HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. KERNAN, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0680 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel. This action proceeds on plaintiff's Eighth Amendment medical claims against defendant Dr. Kuersten. On November 1, 2019, plaintiff filed a motion for emergency court order. Plaintiff seeks an order prohibiting his transfer from California State Prison, Solano ("CSP-Solano"), because such transfer would result in plaintiff's temporary loss of access to his legal materials, and, if transferred to a Level II facility, he might be required to store his excess legal materials outside his cell, limiting his access thereto. In addition, due to his medical condition, if plaintiff is moved to a dorm, he would not have immediate access to a toilet, and such housing would impede his ability to litigate his cases. Plaintiff states there are many Level II inmates at CSP-Solano, but due to plaintiff's situation, he does not think he will be granted an override to remain at CSP-Solano. The court construes plaintiff's request as a motion for injunctive relief restraining defendants from transferring plaintiff away from CSP-Solano.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984)). "[A] plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Id. (emphasis in original); Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm.").

Here, plaintiff claims that he is due for an annual review during which his points will drop to a level enabling prison officials to transfer plaintiff to a Level II facility and anticipates that he will be denied a request to remain at CSP-Solano. Plaintiff's allegations of a potential transfer are too speculative to constitute imminent or irreparable injury. See Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury.") Moreover, plaintiff is not entitled to dictate his housing assignments. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment.). In addition, it is improper for the court to second guess the decisions of prison officials regarding the day-to-day operation of prisons. See Whitley v. Albers, 475 U.S. 312, 322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979) (Prison officials are entitled to "'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'"). If the classification committee determines that plaintiff's points have dropped and he should be transferred, plaintiff may raise any medical concerns about such transfer at his annual review hearing. Moreover, if plaintiff is transferred

and temporarily deprived of access to his legal materials, he may file requests for extensions of time to comply with any pending court deadline.

Finally, the court must have jurisdiction over the individuals against whom plaintiff wishes the order to issue. The instant action proceeds solely as to Dr. Kuersten, a medical doctor with no authority over plaintiff's classification or housing. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

For all of the above reasons, the undersigned recommends that plaintiff's motion be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 78) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 7, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/harr0680.pi.tf