UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYDE HOLLIS HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>S. KERNAN, et al.,<br><br>Defendants. | No. 2:17-cv-0680 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. This action proceeds on plaintiff's Eighth Amendment medical claims against defendant Dr. Kuersten. (ECF No. 22 at 9-10.) As discussed below, counsel for defendant Kuersten is ordered to provide additional briefing on plaintiff's motion to compel further production (ECF No. 76).

Background

On August 1, 2019, plaintiff's motion to compel further production of documents was partially granted, and the court ordered, in pertinent part:

> 1. Within thirty days, in response to Request No. 8, defendant shall provide plaintiff with a copy of documents addressing plaintiff's medical transfers from 2014 through 2017, and provide a declaration to the court attesting to such production.
>
> 2. Within thirty days, in response to Request Nos. 9 and 19, defendant shall provide plaintiff with a copy of any RFS or orders pertaining to plaintiff's GI specialty appointment from November 1, 2016, through December 31, 2016, including any orders that were

> cancelled, modified or voided, and file a declaration attesting to such production. If counsel for defendant does not have such medical records in her current physical possession, counsel for defendant shall make a good faith effort to locate such records from plaintiff's electronic medical file as well as any hard copy physical file at both CSP-Solano and Old Folsom State Prison. If counsel for defendant is unable to locate such documents, she shall file a declaration setting forth her efforts to locate such documents.
>
> 3. Within thirty days, in response to Request No. 13, defendant is directed to file a declaration advising whether or not any documents have, to date, been received and, if so, what date they were produced to plaintiff.
>
> 4. Further, counsel for defendant shall work with the litigation coordinator and medical records supervisor, Mr. Weeks, at CSP-Solano, to provide plaintiff with meaningful access to his medical file, both on the computer and in hard copy format, along with a contemporaneous ability to obtain copies of pertinent documents, including those marked cancelled, voided, or modified, particularly in response to Request Nos. 9, 15, 16, 17, and 18. Meaningful access includes an ability to review the medical records and determine which record he needs to copy, as well as sufficient time to review and copy such records.

(ECF No. 66 at 17-18.) On August 29, 2019, defendant filed a response, noting counsel contacted both defendant and the litigation coordinator, who contacted M. Weeks, Health Records Technician II Supervisor at California State Prison, who copied all of plaintiff's medical records from October 28, 2008, through July 31, 2019, consisting of plaintiff's medical file maintained in paper format, stored electronically, and maintained on the CERNER computer system. (ECF No. 71 at 2.) Plaintiff was provided two banker's boxes of such medical records on August 14, 2019, "in the manner in which they are maintained by the medical department." (Id.)

On October 24, 2019, defendant filed an opposition to plaintiff's motion for further compliance confirming that after plaintiff again complained that documents were missing, counsel contacted Mr. Weeks to determine if there were any additional documents. Mr. Weeks confirmed that all of plaintiff's medical records had been produced, over 6,000 pages, and provided a screenshot of the filters allegedly used when printing the medical records. The filters were set to include "all inactive orders, such as discontinued, canceled, or voided orders." (ECF No. 77 at 2, 4.)

////

In addition, counsel notes that in response to a discovery request, defendant advised plaintiff that documents entered into the computer system cannot be changed, based on defendant's statement under oath: "if a medical record is altered there is an addendum to the record, or a strike out with the initials of the person who changed the record. Once the record is scanned into the system it cannot be altered." (ECF No. 77 at 9.) Because defendant provided all of plaintiff's medical records from October 28, 2008, through July 31, 2019, defendant contends there are no other documents in the computer system to produce. (ECF No. 77 at 2.)

On November 12, 2019, plaintiff filed a reply complaining that defendant's production was not responsive to the court's August 1, 2019 order and refused to provide plaintiff access to review his medical records on the computer. (ECF No. 81.) Plaintiff argues that some of the records provided have been edited, and that the screenshot template and email from Mr. Weeks fails to demonstrate Mr. Weeks used such filter when printing the medical records provided to plaintiff, and fail to address plaintiff's claim that some of the records have been modified. (Id.)

On December 6, 2019, defendant filed a notice of errata filing the inadvertently omitted declaration signed by M. Weeks on August 23, 2019. (ECF No. 83.) Mr. Weeks confirms he received the court's August 1, 2019 order, and provided plaintiff with two bankers boxes of medical records on August 14, 2019, "irrespective of whether they were stored in paper format, electronic format, or on the CERNER medical computer system at CSP-Solano." (ECF No. 83 at 5.) Mr. Weeks understood that plaintiff believed that certain medical records cannot be printed, but "[t]hat is incorrect." (Id.) Mr. Weeks explained that while sometimes restrictions preclude the release of certain types of sensitive information without approval of the mental health team, all records in the electronic health record can be printed. (Id.) Finally, Mr. Weeks states that: "[a]fter speaking with Deputy Attorney General Kelli Hammond, Plaintiff Harris has been provided with all of his medical records, and it is my belief that my office has fully complied with the Court's Order (ECF No. 66)." (ECF No. 83 at 6.)

Discussion

Providing plaintiff with two bankers boxes of over 6,000 documents was not responsive to the court's detailed order on plaintiff's initial motion to compel. (ECF No. 66.) In her unverified

3

opposition, counsel claims to have worked with Mr. Weeks, who "assured" counsel all medical records were produced and provided a screenshot of filters that can be used, but Mr. Weeks' declaration, filed before plaintiff's motion to compel further production was filed, did not attest to his use of such filters when he printed the documents from the computer, and does not specify what physical records were searched and copied, for example, whether copied from records at both CSP-Solano and Old Folsom State Prison. Moreover, in the email sent to counsel, Mr. Weeks states that "[t]he order [plaintiff] is looking for does not appear in his record." (ECF No. 81 at 13.) But such information was not included in Mr. Weeks' declaration, and does not address the detailed inquiry set forth in paragraph two of the court's August 1, 2019 order (ECF No. 66 at 17:28 to 18:1-8); rather Mr. Weeks just refers to an unidentified order.

The August 29, 2019 order directed counsel to provide plaintiff with particular documents from 2016 because these are the documents plaintiff claims are missing or were modified. Defendant provided no declaration as to whether such documents were located or not found, and recited no efforts to locate such documents. It is unclear whether medical records prepared in late 2016 would have been created in the computer, or scanned into the computer. Counsel relies on defendant's verified statement: "*generally*, if a medical record is altered there is an addendum to the record, or a strike out with the initials of the person who changed the record. Once the record is scanned into the system it cannot be altered." (ECF No. 70 at 9-10 (emphasis added).) Knowing whether 2016 records were scanned into the computer or created in the computer may assist the court in determining whether it can rely on defendant's statement in the context of the 2016 documents discussed in the August 1, 2019 order.

Finally, there is the issue of whether documents can be modified. While the screenshot Mr. Weeks provided defendant's counsel does not include the term "modified," it is likely there are other screens in the medical software, and Mr. Weeks' declaration does not attest that documents cannot be modified or that there is no screen permitting modification, editing or alteration. Moreover, if modifications are permitted, it is unclear how such modifications can be tracked or recorded for future reference. In his response to the pending motion, plaintiff insists there is a "modified" screen because he saw it during his December 12, 2016 visit with RN

4

Lahey. (ECF No. 81 at 3-4.) Plaintiff states that Lahey clicked on "Face to Face" then clicked on "Modified," and then a block popped up with Weeks' name on it preventing Lahey from going past the screen. (ECF No. 81 at 4.) Given human fallibility, this court is skeptical that the software program allows for no modifications. Defendant should address this issue in the sur-reply or in Mr. Weeks' declaration.

Accordingly, IT IS HEREBY ORDERED that within thirty days from the date of this order, defendant shall file a sur-reply to plaintiff's November 12, 2019 reply, including, but not limited to, a declaration responding to the August 1, 2019 order (by counsel or Mr. Weeks), as well as a declaration by Mr. Weeks specifically addressing (1) the compilation of the records provided plaintiff; (2) any efforts to locate all of plaintiff's physical medical records; (3) all of the concerns set forth in the August 1, 2019 order and instant order, including, but not limited to, whether Mr. Weeks located any RFS or orders pertaining to plaintiff's GI specialty appointment from November 1, 2016, through December 31, 2016; (4) whether plaintiff's medical records from 2016 were scanned into the computer or created in the computer; and (5) whether or not medical records can be modified, edited or altered in the CERNER computer system and if so, how such modifications can be tracked for future reference.

Dated: December 12, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/harr0680.fb