UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYDE HOLLIS HARRIS, | No. 2:17-cv-0680 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| S. KERNAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel.

In screening plaintiff's pleading, the undersigned found that plaintiff may be able to demonstrate that Dr. Kuersten was deliberately indifferent to plaintiff's serious medical needs by allegedly interfering with numerous recommendations of specialists concerning the diagnosis and treatment of plaintiff's chronic GI symptoms, suffered over more than four years, which remain undiagnosed, by denying plaintiff's primary care physicians' requests based on recommendations by medical specialists, as well as by suggesting physical therapy for plaintiff's tendon of his right thumb where the orthopedic specialist stated that "further nonoperative treatment would not be effective." (ECF No. 20 at 110.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional

1

circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

The instant case is a fairly straightforward medical case where plaintiff alleges defendant interfered with the orders of other medical professionals.[1]  The undersigned observes that plaintiff is articulate and extremely well-versed in the facts of his case, has pursued voluminous discovery, and is a skilled advocate for his claims.  But at this stage of the proceedings, the likelihood of success on the merits is unclear.  Having considered the factors under Palmer, the court finds that plaintiff has not met his burden of demonstrating exceptional circumstances warrant the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 91) is denied without prejudice.

Dated:  October 13, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/harr0680.31

---

[1] While plaintiff claims there are over 6,172 pages of medical records, such records encompassed plaintiff's entire medical file covering a period of about eleven years.  But Dr. Kuersten has not been plaintiff's doctor for eleven years.  As noted above, this action proceeds solely on plaintiff's claims against Dr. Kuersten.

2