UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYDE HOLLIS HARRIS,<br><br>    Plaintiff,<br><br>      v.<br><br>S. KERNAN, et al.,<br><br>    Defendants. | No. 2:17-cv-0680 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff has two motions pending before the court. As set forth below, both motions are denied.

Background

This action proceeds on plaintiff's Eighth Amendment medical claims against defendant Dr. Kuersten. On October 7, 2020, the undersigned denied plaintiff's requests for further production of documents in response to his motion to compel and requests for reconsideration. The undersigned found that discovery is closed, and the pretrial motions deadline was extended to March 26, 2021. (ECF No. 93 at 12.) Shortly thereafter, plaintiff filed a motion for reconsideration, claiming that confidential "sources say the modified documents have something written at the top of the pages." (ECF No. 95 at 1-2.) Plaintiff was ordered to file with the court whatever information he had -- allegedly confidential, modified documents, or otherwise, within fourteen days. Plaintiff has since been granted two, thirty-day extensions of time to submit his

response. Instead, on February 16, 2021, plaintiff filed a document styled, "Ex Parte Request for Referee," which was presented to prison staff for mailing on February 10, 2021.

Plaintiff's Instant Request

Plaintiff claims that he had a 45 minute long interview with a nurse, M. Kwaye, and another nurse Lankston was present.[1]  (ECF No. 102 at 1.)  Plaintiff states the nurses were very professional and detail-oriented, unlike any medical grievance interview plaintiff has ever had. Both assured plaintiff they would do a thorough investigation and interview all the parties. But the next thing plaintiff heard in regard to this grievance was the institutional level response stating the issue would not be addressed because it was a duplicate issue.

Plaintiff states that after his grievance became final on June 9, 2020, he ran into nurse Kwaye and her boss on the yard, and plaintiff inquired as to the findings of the investigation. "M. Kwaye assured [plaintiff] and [Kwaye] and Lankston had done a thorough investigation and interviews and submitted their findings and reports to the medical appeals department." (ECF No. 102 at 2.)  Plaintiff continues writing: "but that due to the findings and if a crime was committed those findings have went somewhere where I will never find them," and then reiterates his claims that the 12-12-2016 RFS should be in plaintiff's medical records, repeating M. Weeks' involvement, and speculating that medical records delayed his records until after the in camera review deadline passed, and that the signatures of medical records supervisor Mariel Martinez "do not seem to match" on her April 29, 2020, and November 20, 2020 memoranda.  (ECF No.

---

[1] The interview was on plaintiff's Healthcare Appeal No. SOL HC 20000043, in which plaintiff was again attempting to obtain health care records related to a 2016 gastroenterology specialist appointment. (ECF No. 102 at 11.)  In this grievance, plaintiff wrote that he was requesting medical records that were printed out on December 12, 2016, by RN Rouso, but that plaintiff was not allowed to read for security reasons. Plaintiff wrote that M. Weeks told plaintiff that such records are kept by the nursing department. Plaintiff was interviewed on February 21, 2020, for this appeal. (ECF No. 102 at 12.)  On April 12, 2020, plaintiff signed his request for appeal review in which he complained that M. Kwaye said he was going to interview RN Rouse and C/O Stiltner and get statements, but apparently plaintiff received none. He wrote that Kwaye had now "joined the rest of the LIARS at CSP-Solano medical. . . ." (ECF N. 102 at 12.)  On March 20, 2020, the institutional level response issued, noting that plaintiff was informed that the nursing department does not keep patient records (all records are forwarded to medical records), and that plaintiff's issue regarding health records would not be addressed because it was duplicative of plaintiff's grievance No. SOL HC 19000709. (ECF No. 102 at 16.)

102 at 3.) Further, plaintiff claims on information and belief that M. Weeks was early retired due to the investigation of health care grievance No. SOL HC 20000043 and Weeks' role in falsifying plaintiff's medical records.

Plaintiff asks the court to appoint a referee to: (1) review the findings and records of M. Kwaye and Lankston in connection with Healthcare Appeal No. SOL HC 20000043; (2) review the custody medical specialty transport record for transportation orders issued for a medical specialist GI appointment sometime between 12-12-2016 and 1-30-2017, but that were cancelled; (3) check the standards and compliance department of medical for reports of Dr. Kuersten and others involved in the alteration of plaintiff's medical records; and (4) review plaintiff's medical records for any alterations, modifications or falsifications from 10-10-2016 and 1-30-2017, as well as the barium enema study done on 7-3-2017 at San Joaquin General.

Discussion

Plaintiff has not provided the response he referred to in his request for reconsideration signed on October 25, 2020. Indeed, his request for referee has nothing to do with "modified documents have something written at the top of the pages." (ECF No. 95 at 2.) While plaintiff's articulation of what Kwaye allegedly told plaintiff on the yard is not entirely clear, plaintiff has provided no declaration from either Kwaye or Lankston as to the results of their investigation, or any alleged findings that pertain to plaintiff's claims against Dr. Kuersten herein.

Further, plaintiff fails to explain his timing. The final decision on Healthcare Appeal No. SOL HC 20000043 issued on March 20, 2020. It is unclear why plaintiff claims the decision became final on June 9, 2020, but it is also unclear why he waited to raise the alleged conversation with the court until now. Indeed, plaintiff did not mention such conversation in his motion for reconsideration submitted in October, or in either of the following requests for extension of time.

While it remains clear that plaintiff continues to believe that the 2016 records exist, both prison staff and defense counsel have performed exhaustive searches to no avail, as the prior court order found. (ECF No. 93.) The undersigned finds no good cause to appoint a referee, or to reconsider the October 7, 2020 order.

3

As such, discovery remains closed, and the pretrial motions deadline remains set for March 26, 2021.[2] (ECF No. 93.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a referee (ECF No. 102) is denied;

2. Plaintiff's motion for reconsideration (ECF No. 95) is denied;

3. Discovery is closed; and

4. The pretrial motions deadline remains set for March 21, 2021.

Dated: February 19, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/harr0680.rec.den

---

[2] The October 7, 2020 order contained a typographical error in the order clause, stating that the pretrial motions deadline was August 21, 2020. (ECF No. 93 at 12:16.) However, the text of the order makes clear that the pretrial motions deadline was rescheduled for March 26, 2021. (ECF No. 93 at 12:7-8.)